**BOIES SCHILLER FLEXNER LLP**
Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
Andrew J. Rambo (SBN 339503)
arambo@bsfllp.com
Breana Sicley (SBN 347750)
bsicley@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Plaintiff TANGLE, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANGLE INC., <br><br> Plaintiff, <br><br> v. <br><br> BOXGEAR INTERNATIONAL, LLC <br><br> Defendant. | Case No.: 3:23-cv-04573 <br><br> **COMPLAINT FOR:** <br> **1. Trademark Infringement & Counterfeiting (15 U.S.C. § 1114 / Lanham Act §32(a))** <br> **2. False Designation of Origin (15 U.S.C. § 1125(a) / Lanham Act § 43(a))** <br> **3. Copyright Infringement (17 U.S.C. § 501(a))** <br> **4. Unfair Competition (California Business & Professions Code § 17200 et seq.)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff TANGLE Inc. ("Tangle") files this Complaint against BOXGEAR INTERNATIONAL LLC ("Defendant" or "Boxgear"), and in support states as follows:

**INTRODUCTION**

1. Plaintiff Tangle brings this action to protect its intellectual property rights from infringement by Defendant Boxgear. Defendant has traded and continues to trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with both Plaintiff's TANGLE trademark, which is covered by U.S. Trademark Registration No. 1779055 (the "TANGLE Trademark"); and copyrights, which are covered by U.S. Copyright

Office Registrations No. VA 120-368, VA 1-232-933, VA 1-271-045, VAu 35-392, VAu 35-391, VAu 35-390, VAu 35-389, VAu 35-388, VAu 35-387 (collectively, the "TANGLE Copyright Registrations"). The registrations are valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the TANGLE Trademark is attached as **Exhibit 1**. True and correct copies of the federal copyright registration certificates for the TANGLE Copyright Registrations are attached as **Exhibit 2**.

2.  Defendant is improperly advertising, marketing and/or selling an unauthorized and illegal toy by reference to the TANGLE Trademark and embodying the TANGLE Copyright Registrations by several names given by Defendant, including "Multicolored Tangle Fidget Toy," "Boxgear Fidget Tangles," "Fidget Tangles," and "Multicolored Fidget Toys"[1] (the "Infringing Product") that appears identical to multiple of Plaintiff's genuine TANGLE products (the "TANGLE Products"). Photographs of the Infringing Product as well as its associated packaging and marketing materials are attached as **Exhibit 3**. Unlike the genuine TANGLE Products, Defendant's Infringing Products are made with a substandard, stiff material, and are engineered to inexact standards making them much less flexible.

3.  The fact that the Infringing Products embody Plaintiff's copyrights and are being advertised, marketed, and/or sold by reference to an identical or substantially identical name and mark as the TANGLE Trademark causes further confusion and deception in the marketplace.

4.  Defendant advertises, markets, and/or sells the Infringing Product online via at least its e-commerce store at www.amazon.com, including at: https://www.amazon.com/vdp/0ff2734fcd594580924ef4ea62867221?product=B0B325BGFL&ref=cm_sw_em_r_ib_dt_B2CGFPnckZZzj.

5.  As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable

---

[1] Several of these names given to the Infringing Product by Defendant are stated in an advertisement for the Infringing Product published by Defendant on at least its Amazon page, a copy of which can be accessed at: https://www.amazon.com/vdp/0ff2734fcd594580924ef4ea62867221?product=B0B325BGFL&ref=cm_sw_em_r_ib_dt_B2CGFPnckZZzj ("Tangle" is referenced: at .02: "Tangle"; .05 "Boxgear Fidget Tangles"; .17 "Tangle Everywhere"; .38 "Fun Tangle"; .54 "Fidget Tangles from Boxgear")

trademark, copyrights, and goodwill and, therefore, seeks injunctive and monetary relief.

## THE PARTIES

6. Tangle is a corporation incorporated under the laws of California, with its headquarters located within this district. Plaintiff is the registered owner of both the TANGLE Trademark referred to above with its federal registration attached as Exhibit 1 and the TANGLE Copyright Registrations referred to above with its federal registrations attached as Exhibit 2.

7. Defendant is a New Jersey corporation with its principal place of business located in Mahwah, New Jersey. On information and belief, Defendant manufactures and distributes games and puzzles, including the Infringing Products.

8. Defendant advertises, markets, and/or sells the Infringing Products online, including on www.amazon.com.

## PERSONAL AND SUBJECT MATTER JURISDICTION

9. This Court has personal jurisdiction over Defendant, in that, upon information and belief, Defendant conducts significant business in California and in this judicial district, and the acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in California and in this judicial district.

10. In addition, Defendant has offered to sell and ship and/or sold and shipped infringing products into this judicial district. Defendant regularly conducts, transacts and/or solicits business in California and in this judicial district, and/or derives substantial revenues from business transactions in California and in this judicial district and/or otherwise avails itself of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's illegal infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendant should reasonably expect such actions to have consequences in California and this judicial district, for example:

    a. Defendant's listing on www.amazon.com accepts orders of Infringing Products from and offers shipping to California addresses located in this judicial district. A

screenshot of the shopping cart from Amazon allowing Infringing Products to be shipped to this judicial district is attached as **Exhibit 4**.

      b.    Upon information and belief, Defendant has transacted business with consumers located in California and in this judicial district for the sale and shipment of Defendant's Infringing Products.

11. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

12. This Court has jurisdiction over the California Unfair Competition claim under California Business and Professions Code Section 17200 in this action pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## VENUE

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant has committed acts of copyright and/or trademark infringement in this judicial district and does substantial business in the judicial district.

## THE TANGLE PRODUCTS

14. Plaintiff is a leading toy manufacturer and distributor, and has earned an international reputation for quality, reliability, and value. Plaintiff is credited for many breakthroughs that have occurred in the toy industry, including its TANGLE product.

15. Plaintiff is the official source of TANGLE products in the United States, which, amongst other products, include the following:

4
COMPLAINT

| | | |
|---|---|---|
| Tangle Jr. Crush Series $7.00 | Tangle Relax Therapy $10.00 | Tangle Jr. Pets $7.00 |
| | | |
| Palm Tangle Metallic $8.00 | Tangle Jr. Masterpiece $8.00 | Tangle Jr. Classic $5.00 |
| | | |



16. The Tangle Products are segmented colorful pieces that can be twisted into different shapes, creating a one-of-a-kind sensory experience.

17. Since at least 1993, the TANGLE Trademark is and has been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the TANGLE Trademark in the industry and to consumers. Plaintiff's promotional efforts include—by way of example but not limitation—substantial print media, the TANGLE Products' website and social media sites, and point of sale materials.

18. The TANGLE Trademark is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the TANGLE Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use that trademark pursuant to 15 U.S.C. § 1057(b).

19. The TANGLE Trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125 (c)(1), and has been continuously used and never abandoned.

20. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the TANGLE Trademark. As a result, products bearing the TANGLE Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

21. Plaintiff also owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TANGLE Products, including without limitation copyrights covered by the TANGLE Copyright Registrations. Exemplary images from one of the TANGLE Copyright Registrations are as follows:

 

### DEFENDANT'S UNLAWFUL CONDUCT

22. The success of the TANGLE Products has resulted in significant counterfeiting.

23. Defendant has been selling and continues to sell, through at least Amazon, the Infringing Product.

24. The Infringing Product is a cheap imitation of Plaintiff's genuine TANGLE Products, which Defendant deliberately copied by causing the Infringing Product to be manufactured.

25. The Infringing Product is one of Defendant's most prominently sold toys. Defendant sells the Infringing Product in packs of six. Exemplary images from Defendant's Amazon listing are included as follows:









26. The images above unequivocally show Defendant's infringement of the TANGLE Copyright Registrations and TANGLE Trademarks, as the toys feature twistable and segmented colorful pieces.

27. On information and belief, Defendant's Infringing Product is made with a substandard, stiff material, making it much less flexible than Plaintiff's high quality, genuine TANGLE Products. The proliferation of Defendant's poor quality imitations threatens to irreparably harm the goodwill Plaintiff has developed over the past several decades for its genuine TANGLE Products.

28. Defendant's Infringing Product is advertised, marketed, and/or sold under a confusingly similar name to the genuine TANGLE Products sold under Plaintiff's TANGLE

Trademark.

29. Plaintiff has not licensed or authorized Defendant to use the TANGLE Trademark or TANGLE Copyright Registrations, and Defendant is not an authorized retailer of genuine TANGLE Products.

30. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continues to use the TANGLE Trademark and TANGLE Copyright Registrations in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into California over at least the Internet.

31. Defendant has been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the TANGLE Products.

32. Defendant offers shipping to California (including to this judicial district) and, on information and belief, Defendant has offered to sell Infringing Products into California and this judicial district, which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT AND COUNTERFEITING

## (15 U.S.C. § 1114)

33. Plaintiff repeats and incorporates by reference herein its allegations contained in Paragraphs 1–32 of this Complaint.

34. This is a trademark infringement action against Defendant based on Defendant's unauthorized use in commerce of infringing imitations of the registered TANGLE Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The TANGLE Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the TANGLE Trademark.

35. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with

the TANGLE Trademark without Plaintiff's permission.

36. Plaintiff is the registered owner of the TANGLE Trademark and official source of TANGLE Products. The United States Registration for the TANGLE Trademark (Exhibit 1) is in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the TANGLE Trademark and is willfully infringing the TANGLE Trademark. Defendant's willful, intentional, and unauthorized use of the TANGLE Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

37. Defendant's activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

38. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit TANGLE products.

39. Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TANGLE Trademark.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

40. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–39 of this Complaint.

41. Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

42. By using the TANGLE Trademark in connection with the sale of counterfeit TANGLE products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

43. Defendant's conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public under 15 U.S.C. §§ 1114, 1125.

44. Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## THIRD CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

## (17 U.S.C. § 101, et seq.)

45. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–44 of this Complaint.

46. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the TANGLE products, including without limitation copyrights covered by the TANGLE Copyright Registrations.

47. Defendant has sold, offered to sell, marketed, distributed, advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the TANGLE copyrights without Plaintiff's permission.

48. Defendant had access to the TANGLE products incorporating Plaintiff's registered copyrights before Defendant listed its product for sale online, including via its store on www.amazon.com.

49. Upon information and belief, Defendant has directly copied Plaintiff's copyrights for the TANGLE products. Alternatively, Defendant's representations of Plaintiff's copyrights for the TANGLE products in its online listing(s) of the Infringing Product are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrights for the TANGLE products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or

public display of Plaintiff's copyrights for the TANGLE products. As just one example, Defendant deceives unknowing consumers by using the TANGLE copyrights without authorization within the product descriptions of the online listing of the Infringing Product (which itself further embodies the TANGLE Copyrights) on www.amazon.com to attract customers as follows:

*Exemplary Infringing Product Sold on Amazon*



*Compared to an exemplary genuine TANGLE Product*



50.     Defendant's exploitation of Plaintiff's copyrights including the copyrights comprising the TANGLE Copyright Registrations embodied by the TANGLE products constitutes copyright infringement by Defendant.

51. On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this judicial district, and/or caused to be made and distributed in the United States, including this judicial district, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of Infringing Products.

52. Defendant either knew, or should have reasonably known, that Plaintiff's TANGLE products were protected by copyright and its representations infringed on Plaintiff's copyrights. Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted works covered by at least the TANGLE Copyrights.

53. As a direct and proximate result of its wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

54. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendant from Defendant's wrongful acts, pursuant to 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by Defendant from its acts of infringement.

55. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

56. Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendant of its infringing work and for an order under 17 U.S.C. § 503 that any of Defendant's Infringing Products be impounded and destroyed.

57. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

58. Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known TANGLE copyrights.

# FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (California Business and Professions Code Section 17200)

59. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–58 of this Complaint.

60. Plaintiff has not licensed or authorized Defendant to use the TANGLE Trademark or TANGLE Copyright Registrations, and Defendant is not an authorized retailer of genuine TANGLE Products.

61. Defendant knowingly and intentionally trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's TANGLE Trademark and/or TANGLE Copyright Registrations.

62. Defendant's promotion, marketing, offering for sale, and sale of Infringing Product has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Product by Plaintiff, thereby causing loss, damage, and injury to Plaintiff and to the purchasing public. Defendant's conduct was intended to cause such loss, damage, and injury.

63. By promoting, marketing, offering for sale, and selling the Infringing Product, Defendant has engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the California Business and Professions Code § 17200 *et seq*.

64. Defendant knew, or should have known by the exercise of reasonable care, that its promotion, marketing, offering for sale, and sale of Infringing Product has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

65. Defendant's wrongful conduct, as set forth above, has permitted and will permit Defendant to make substantial sales and profits on the strength of Plaintiff's fame and nationwide marketing, sales, and consumer recognition. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and continues to be deprived of substantial sales and revenue.

66. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief against Defendant, in addition to restitution in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the TANGLE Trademark and TANGLE Copyright Registrations or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TANGLE product or is not authorized by Plaintiff to be sold in connection with the TANGLE Trademark or TANGLE Registered Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TANGLE product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under or by reference to the TANGLE Trademark or TANGLE Copyright Registrations;

    c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the TANGLE Trademark or TANGLE Copyright Registrations and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

    f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark or copy any Plaintiff copyright, including the TANGLE Trademark or TANGLE Copyright Registrations or any reproductions, counterfeit copies, or colorable imitations thereof;

    2.    Entry of an Order that requires Defendant to take the following actions:

        a.    take all steps necessary to ensure that Amazon disables and ceases displaying any advertisements used by or associated with Defendant in connection with the sale of the Infringing Product, including but not limited to those displayed at: https://www.amazon.com/Boxgear-Multicolored-Fidget-Girls-Adults/dp/B0B325BGFL;

        b.    take all steps necessary to prevent links to online listings of the Infringing Product from displaying in search results, including, but not limited to, removing links to listings of the Infringing Product from any search index.

    3.    That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the TANGLE Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

    4.    In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement and not more than $2,000,000 for each and every use of the TANGLE Trademark and statutory damages of not less than $750 pursuant to 15 U.S.C. § 1117(c);

    5.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

    6.    Award any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

| | | |
|---|---|---|
| 1 | Dated: September 6, 2023 | Respectfully submitted, |
| 2 | | **BOIES SCHILLER FLEXNER LLP** |
| 3 | | |
| 4 | | By: <u>*/s/ Sean P. Rodriguez*</u><br>Sean P. Rodriguez |
| 5 | | **BOIES SCHILLER FLEXNER LLP**<br>Sean P. Rodriguez (SBN 262437) |
| 6 | | srodriguez@bsfllp.com<br>Andrew J. Rambo (SBN 339503) |
| 7 | | arambo@bsfllp.com<br>Breana Sicley (SBN 347750) |
| 8 | | bsicley@bsfllp.com<br>44 Montgomery Street, 41st Floor |
| 9 | | San Francisco, CA 94104<br>Telephone: (415) 293-6800 |
| 10 | | Facsimile: (415) 293-6899 |
| 11 | | Attorneys for Plaintiff Tangle Inc. |