**BOIES SCHILLER FLEXNER LLP**
Daria Pustilnik (FBN 09514) (admitted *pro hac vice*)
dpustilnik@bsfllp.com
Rossana Baeza (FBN 1007668) (admitted *pro hac vice*)
rbaeza@bsfllp.com
Leigh Salomon (FBN 1054106) (admitted *pro hac vice*)
lsalomon@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400

Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
Andrew J. Rambo (SBN 339503)
arambo@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800

*Counsel for Plaintiff Tangle, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANGLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOXGEAR INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 3:23-cv-04573-JSC <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS** <br><br> Judge: Hon. Jacqueline Scott Corley <br> Courtroom 8, 19th Floor <br> Date: November, 17, 2024 |

# TABLE OF CONTENTS

Notice of Motion ........................................................................................... 3

Relief Sought ................................................................................................ 3

Memorandum of Points and Authorities ...................................................... 3

    I.      Statement of Issues to be Decided ................................................ 3

    II.     Statement of Relevant Facts ......................................................... 4

           A. Initial Investigation and Inadequate Responses ................... 4

           B. Good Faith Efforts to Resolve Discovery Deficiencies ....... 4

           C. Continued Non-Compliance and Further Court Intervention ... 5

           D. Waste of Party and Court Resources ................................... 5

           E. Deposition Admissions Substantiate Discovery Violations ... 6

           F. Renewed Efforts to Comply Fall Short ................................ 6

    III.    Legal Standard .............................................................................. 7

    IV.    Argument ...................................................................................... 8

           A. Defendant's Pattern of Non-Compliance Warrants Sanctions ... 8

           B. Defendant's Conduct Justifies Entry of a Default Judgment ... 10

    V.     Request for Relief ...................................................................... 11

           A. Attorney's Fees ................................................................... 11

           B. Coercive Sanctions ............................................................. 12

           C. Default Judgment ................................................................ 13

           D. Additional Relief ................................................................ 13

    VI.    Conclusion .................................................................................. 13

# TABLE OF AUTHORITIES

Cases

*Garcia v. Bana*, No. C 11-02047 LB, 2012 WL 2119157
(N.D. Cal. Jun. 9, 2012) ............................................................................. 7, 8, 9, 10, 11

*Hosea v. Donley*, No. CV 11-02892 EJD, 2012 WL 5943092
(N.D. Cal. Nov. 27, 2012) .......................................................................... 7, 8, 9, 10

*Lee v. Walters*, 172 F.R.D. 421, 435
(D. Or. 1997) ............................................................................................. 7

*Williams v. Condensed Curriculum Int'l*, No. 20-cv-05292-YGR (RMI),
2021 WL 6621071 (N.D. Cal. Dec. 29, 2021) ........................................... 8, 9

Rules

Fed. R. Civ. P. 34 ...................................................................................... 12

Fed. R. Civ. P. 37 ...................................................................................... 3, 6, 7, 8, 9, 10, 13

N.D. Cal. Civ. L.R. 7 ................................................................................. 3, 8

N.D. Cal. Civ. L.R. 37 ............................................................................... 3, 8, 11

## NOTICE OF MOTION

To all parties and their attorneys of record: Please take notice that, pursuant to the permission granted by the Court's Order Re: Discovery Motions and Case Schedule, dated September 30, 2024 (Dkt. 60), and the Court's Order Re: Stipulated Request for Order Changing Time as to Order Re: Discovery Motions and Case Schedule, dated October 17, 2024 (Dkt. 62), on November 17, 2024, or as soon thereafter as the matter may be heard, Plaintiff, Tangle, Inc. ("Plaintiff" or "Tangle"), by undersigned counsel, respectfully moves this Court to issue sanctions against Defendant, Boxgear International, LLC ("Defendant").

## RELIEF SOUGHT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Rules 7 and 37 of the Civil Local Rules of the Northern District of California, and in advance of the Court's Order extending the deadline for Plaintiff to file a motion to compel and any other fact-discovery related motion, including requests for sanctions, to November 17, 2024 (Dkt. 62), Plaintiff respectfully seeks an Order (1) compelling Defendant to reimburse Plaintiff's reasonable attorneys' fees incurred due to Defendant's repeated and unjustified failures to comply with its discovery obligations and the Court's Order Compelling Defendant to Produce Documents ("Discovery Order"), dated August 8, 2024 (Dkt. 47), (2) imposing coercive sanctions on Defendant in the amount of one thousand dollars ($1,000) for each day that Defendant continues to be in violation of its discovery obligations and the Discovery Order, and (3) entering a default judgment against Defendant, as the Court has already threatened to do because repeated instructions from the Court and requests from Plaintiff have failed to motivate compliance. In support, Plaintiff respectfully refers the Court to the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Under Federal Rule of Civil Procedure 37 and Northern District of California law, whether Defendant's repeated failure to comply with its discovery obligations and the Discovery Order warrants the imposition of sanctions, including but not limited to (1) an award of reasonable

-3-  CASE NO. 23-cv-04573-JSC
**MOTION FOR SANCTIONS**

attorneys' fees and costs incurred by Plaintiff, (2) coercive sanctions, such as a daily monetary sum until Defendant and Defendant's counsel comply, (3) and entry of a default judgment due to Defendant's willfulness, fault, or bad faith.

## II.     STATEMENT OF RELEVANT FACTS

### A.  Initial Investigation and Inadequate Responses

As early as September 5, 2023, one day prior to Plaintiff filing its Complaint, Defendant was providing conflicting information, as when Defendant claimed its Infringing Product was listed on Amazon but never sold despite Amazon customer reviews, which date back to July 10, 2022, and continue thereafter to the present, depicting the Infringing Product through text referencing the word "Tangle" and images and videos showing a product that looks identical to Plaintiff's. Declaration of Leigh Salomon filed concurrently herewith ("Salomon Decl."), ¶ 3. Defendant would contradict these reviews again by claiming at a Case Management Conference on August 8, 2024, that Defendant did not sell the Infringing Product on Amazon prior to August 2022. *Id*., ¶ 4. On January 3, 2024, meanwhile, Plaintiff served its First Request for Production on Defendant, seeking documents essential to resolve the case. *Id*., ¶ 5. Defendant's initial Responses, submitted on March 27, 2024, rather than February 2, 2024, as required, were grossly inadequate and overdue. *Id*., ¶ 6. Defendant produced only three documents: two pictures of products and one incomplete report from Defendant's Amazon store. The production was untimely and deficient, excluding necessary communications and financial documents Plaintiff requested. *Id*., ¶ 7.

### B.  Good Faith Efforts to Resolve Discovery Deficiencies

On May 2, 2024, Plaintiff identified and communicated to Defendant the shortcomings in its production, requesting Defendant supplement its Responses in an effort to resolve the insufficient production without court intervention. Plaintiff made repeated attempts to engage Defendant in good faith discussions to secure the complete production of the requested documents. Despite these efforts, Defendant remained uncooperative. Salomon Decl., ¶ 8. Consequently, on June 20, 2024, the Court ordered Defendant to supplement its production. *Id*., ¶ 9. However, on July 1, 2024, Defendant merely produced the same three documents previously submitted, followed on July 5,

2024, by another incomplete report from Defendant's Amazon store and two samples of its products. *Id.*, ¶ 10.

### C.  Continued Non-Compliance and Further Court Intervention

Failing again to address the deficiencies Plaintiff identified, or comply with the Court's instructions to supplement its production, Plaintiff believed it had no choice but to seek further involvement from the Court.  Salomon Decl., ¶ 10.  As such, on July 18, 2024, the Court warned that Defendant was risking a default for non-compliance with its discovery obligations.  *Id.*, ¶ 11. However, Defendant continued its pattern of non-compliance, providing incomplete reports from its Walmart and Amazon stores on July 18 and July 26, 2024, respectively, but nothing from other sales channels Plaintiff identified nor any indication of profits.  *Id.*, ¶ 12.  The Court therefore told Defendant at a Case Management Conference on August 8, 2024, to search its electronic records, or hire a vendor to do so, and issued the Discovery Order on the same day requiring Defendant to produce all sales reports from all vendors and all communications regarding Plaintiff or the Infringing Product by August 22, 2024.  *Id.*, ¶ 13.

### D.  Waste of Party and Court Resources

Once more, Defendant's Responses were severely lacking, producing eight manufacturer invoices on August 15, 2024, and yet another sparse report from its Amazon store on August 20, 2024.  Both were supposed to be provided by February 2, 2024, because they were responsive to Plaintiff's First Request for Production.  Salomon Decl., ¶ 14.  These deficiencies hindered the parties' ability to mediate productively on August 12, 2024, a setback not helped when Defendant missed the original deadline to submit its required Mediation Statement.  *Id.*, ¶ 15.  Defendant also continued to define the Infringing Product differently than paragraph 2 of Plaintiff's Complaint in correspondence, which Plaintiff explained was not acceptable.  *Id.*, ¶ 16.  Then, on August 22, 2024, the deadline to comply with the Discovery Order, Defendant admitted responsive documents, such as communications over Skype transmitting invoices from its manufacturer, existed, but failed to produce them.  *Id.*, ¶ 17.  On August 23, 2024, Defendant refused to conduct the electronic searches the Court demanded or respond to Plaintiff's outstanding discovery requests.  *Id.*, ¶ 18.

Subsequently, on September 11, 2024, Defendant responded to Plaintiff's remaining requests, repeating the same objections previously provided, claiming compliance, and producing nothing new. *Id*., ¶ 19.

### E.  Deposition Admissions Substantiate Discovery Violations

During Plaintiff's Deposition of Defendant on September 18, 2024 ("Plaintiff's Deposition"), Plaintiff learned Responsive communications and documents existed that should have (but were not) produced. Salomon Decl., ¶ 20. Defendant admitted that Amazon has sent Defendant emails regarding orders and identifying numbers ("ASINs") associated with the Infringing Products, that Amazon provided records called "order details" showing profits for said products, that Defendant sometimes received product invoices from a manufacturer through Skype and Alibaba, and that Alibaba and Amazon sent shipment confirmations through email or on the platforms themselves. *Id*., ¶ 21. None of these documents were produced during Plaintiff's Deposition. Defendant merely provided one new manufacturer invoice. *Id*., ¶ 22. Defendant further admitted that it did not conduct the searches it was Ordered by this Court to perform and later asserted to not remembering if searches were conducted. Defendant even admitted to deleting emails from its Gmail inbox on a weekly or monthly basis, and as recently as September, and was "not really" aware of its obligation to suspend the deletion of relevant information, pursuant to Federal Rule of Civil Procedure 37(e). *Id*., ¶ 23.

### F.  Renewed Efforts to Comply Fall Short

Defendant finally attempted compliance with its discovery obligations only after Plaintiff secured Defendant's testimony in Plaintiff's Deposition and requested sanctions again while relaying said testimony in a Joint Case Management Statement filed on September 25, 2024. Salomon Decl., ¶ 24. The Court permitted Plaintiff to file a motion for sanctions, among other relief, on September 30, 2024. *Id*., ¶ 25. Meanwhile, Defendant's newly retained co-counsel contacted Plaintiff on September 26, 2024, to address the longstanding discovery issues and first tried to provide the required discovery on October 8, 2024. But the electronic file containing most of the data was too large for Plaintiff to properly view even after consulting with its Information

1  Technology ("IT") professionals, who noted the webpage displaying the emails quickly ceased to
2  function after loading only a fraction of them.  *Id*., ¶ 26.  To allow Defendant more time, Plaintiff
3  stipulated in good faith on October 17, 2024, to extend the deadline to file a motion for sanctions to
4  November 17, 2024.  However, Defendant's second attempt, on November 6, 2024, was also
5  inadequate.  This time, Plaintiff's IT professionals noted the electronic information could not even
6  be accessed and suggested files were either missing or corrupted.  *Id*., ¶ 27.  Though Defendant
7  pledged a third attempt on November 8, 2024, Plaintiff has yet to receive it and, with the deadline
8  to request sanctions now here, grows concerned by the costs already incurred to enforce compliance,
9  now incurred troubleshooting with Defendant, and to be incurred processing the discovery late (if
10 ever received in an accessible format) and with less time than if Defendant complied when supposed
11 to on February 2, 2024, over nine months ago.  *Id*., ¶ 28.

### III.     LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs the enforcement of discovery orders and imposition of sanctions for non-compliance, giving the Court broad discretion to order the payment of reasonable expenses, including attorney's fees, incurred as a result of a party's failure to obey a discovery order, render a default judgment against the disobedient party, or issue further just orders, unless the movant filed the motion before attempting in good faith to obtain discovery, the opposing party's non-compliance was substantially justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5) and (b); *Lee v. Walters*, 172 F.R.D. 421, 435 (D. Or. 1997) (awarding fees).

Case law from the Northern District of California similarly gives the Court broad discretion under Rule 37 of the Federal Rules of Civil Procedure to impose sanctions against a party for failure to comply with discovery orders.  *Hosea v. Donley*, No. CV 11-02892 EJD, 2012 WL 5943092, at *2 (N.D. Cal. Nov. 27, 2012).  This may even include violations of a court's oral order if a party unequivocally has notice of the court's request and payment from the disobedient party, its counsel, or both of the movant's reasonable expenses, including attorney's fees, caused by the discovery failure as stated in Rule 37(b)(2)(C).  *Garcia v. Bana*, No. C 11-02047 LB, 2012 WL 2119157, at

*5 (N.D. Cal. Jun. 9, 2012).  Such non-dispositive decisions, which include sanctions designed to compel compliance with a discovery order, do not require a finding of contempt either, but instead receive "a degree of deference under Fed. R. Civ. P. 72(a), so long as they are not clearly erroneous or contrary to law."  *See Williams v. Condensed Curriculum Int'l*, No. 20-cv-05292-YGR (RMI), 2021 WL 6621071, at *3 (N.D. Cal. Dec. 29, 2021) (citation omitted).

For more drastic sanctions such as entry of a default judgment, the court in *Hosea* urges that the party's non-compliance should be "due to willfulness, fault, or bad faith."  2012 WL 5943092, at *2 (quotation omitted).  The court in *Garcia* echoes this sentiment with regard to terminating sanctions, elaborating a five-part test the Ninth Circuit has constructed to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  2012 WL 2119157, at *7 (quotation omitted).  In addition, the fifth factor has three sub-parts, which include, "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  *Id*. (citation omitted).

Civil Local Rules 7-8 and 37-4 of the Northern District of California outline the form and procedure for a Motion for Sanctions under Federal Rule of Civil Procedure 37, requiring, among other specifications, the movant to explain the facts and circumstances supporting the motion, the efforts made to secure compliance without the Court's intervention, and, if attorney's fees or other costs or expenses are sought, an itemization of these expenses with particularity to show how they are directly caused by the alleged violation or breach and appropriate justification for any attorney-fee hourly rate claimed.  Civil L.R. 7-8 and 37-4.

IV.     ARGUMENT

A. Defendant's Pattern of Non-Compliance Warrants Sanctions

Defendant's persistent failure to comply with its discovery obligations despite repeated warnings and the Discovery Order demonstrates a clear pattern of willful non-compliance that

warrants the imposition of sanctions under Rule 37 of the Federal Rules of Civil Procedure. As explained in *Hosea*, *Garcia*, and *Williams*, the Court has broad discretion to issue non-dispositive sanctions, including attorney's fees, when a party's disobedience toward discovery requests or orders lacks substantial justification and causes unnecessary delays and increased costs to the opposing party. 2012 WL 5943092, at *2; 2012 WL 2119157, at *5; 2021 WL 6621071, at *3.

Defendant's actions in the present case mirror the obstructive behaviors in *Williams*, where the defendant resorted to "frivolous objections, rhetorical games, [and] non-responsive answers" to create the impression of substantial compliance when, in actuality, the defendant was providing piecemeal discovery responses and disregarding basic term definitions to, in the court's view, evade and escape its discovery obligations. 2021 WL 6621071, at *1–2. Here, Defendant similarly impeded the discovery process by providing the same or fragmented responses and then claiming compliance and by contradicting established terminology, as with the term "Infringing Product", to suit Defendant's narrow definition of Plaintiff's product.

The party resisting discovery has the burden to clarify through explanation and support of its objections why discovery should not proceed. *Williams*, 2021 WL 6621071, at *2 (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). Yet, in many of the Joint Case Management Statements that Defendant submitted, it barely backed up its position and ignored some of Plaintiff's arguments altogether, making limited admissions each time a new piece of discovery was put forward. For the most part, Defendant simply reiterated platitudes about how it does not have the communications and documents requested, despite Plaintiff providing evidence to the contrary through identification of other sales channels that sold the Infringing Product and reproduction of Defendant's own admission over email and in Plaintiff's Deposition that Defendant possessed communications and invoices responsive to Plaintiff's First Request for Production.

For these reasons, Plaintiff believes, at the very least, an award of attorney's fees is warranted to reimburse Plaintiff for Defendant's continued failure to satisfy its discovery obligations and comply with the Court's Orders. As employed by the court in *Williams*, Plaintiff also feels that to compel compliance the imposition of coercive sanctions via a daily monetary sum in the amount of $1,000 per day is warranted upon Defendant until all Parties have jointly filed written certification

MOTION FOR SANCTIONS

agreeing that Defendant has fully and properly, not just substantially, met its discovery obligations and the Court's Orders.  2021 WL 6621071, at *3.  This District has found $1,000 per day to be appropriate as a coercive sanction.  *Id*. (granting a $1,000 daily fine without the need for a finding of contempt due to the defendant's deficient production).

### B. Defendant's Conduct Justifies Entry of a Default Judgment.

Defendant's efforts to avoid its discovery obligations in the face of continued good faith attempts from the Plaintiff and instructions from the Court reflects a deliberate endeavor to obstruct the discovery process that justifies entry of a default judgment under Rule 37 of the Federal Rules of Civil Procedure.  Courts in this district have held that such severe sanctions may be imposed when willfulness, fault, or bad faith causes a party's non-compliance.  *Hosea*, 2012 WL 5943092, at *2; *Garcia*, 2012 WL 2119157, at *7.

Defendant's conduct in the present case illustrates a level of awareness and egregiousness beyond mere oversight or negligence.  For example, in an email to Plaintiff's counsel on September 5, 2023, Defendant claimed the Infringing Product was never sold on its Amazon store, only listed.  Defendant's counsel, meanwhile, represented at a Case Management Conference on August 8, 2024, that Defendant did not sell the Infringing Product on its Amazon store prior to August 2022.  However, Defendant's customer reviews, which date back to July 10, 2022, and continue after Plaintiff filed its Complaint on September 6, 2023, contradict the statements of Defendant.  Many of these reviews clearly show the Infringing Product before Defendant altered it, as evidenced by reviewer text that references the word "Tangle" and reviewer images and videos that show a product identical to Plaintiff's.  These misrepresentations or lies, coupled with Defendant's blatant disregard of the Discovery Order to conduct a basic search of its email records until well passed the deadline to do so and Defendant's admission in Plaintiff's Deposition to possessing communications all along via Amazon, Alibaba, and Skype that are responsive to Plaintiff's discovery requests, establishes a lengthy history of Defendant's willfulness, fault, and bad faith, for which non-dispositive sanctions alone may not be enough to prevent from continuing.

The court in *Garcia* elaborated on terminating sanctions, expounding that such dispositive sanctions should consider the public's interest in a swift resolution, the court's need to manage its docket, the risk of prejudice to the party seeking sanctions, the public policy that favors disposition of cases on their merits, and the availability of less drastic sanctions, the final factor also including whether court considered, tried, and warned the non-compliant party about the possibility of the sanctions.  2012 WL 2119157, at *7.

This Ninth Circuit test further supports the entry of a default judgment on Defendant because Defendant's conduct has delayed the resolution of this case and burdened the Court's docket by necessitating extensions of discovery deadlines and additional Case Management Conferences, respectively.  Defendant's conduct has prejudiced Plaintiff, meanwhile, by preventing Plaintiff from obtaining the discovery needed to litigate its claims effectively.  While public policy favors resolving cases on their merits, Defendant's willful non-compliance and bad faith has made this impossible.  Finally, although the Court has not yet imposed lesser sanctions, it has already considered and warned Defendant once with the possibility of entering a default judgment, yet Defendant's non-compliance has persisted.  Therefore, the imposition of dispositive sanctions, such as entry of a default judgment, is properly justified as non-dispositive sanctions, such as an award of attorney's fees, are unlikely compel Defendant's compliance.

## V.     REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests that the Court grant the following relief:

### A. Attorney's Fees

Plaintiff requests an award of reasonable attorney's fees incurred as a direct result of Defendant's repeated failure to comply with its discovery obligations and the Court's Order.  In accordance with Civil Local Rule 37-4(3) of the Northern District of California, these expenses are itemized with particularity to detail the hours worked, hourly rates applied, and specific tasks undertaken that were made necessary by Defendant's non-compliance. *See* Plaintiff's Invoices and Timekeeping Entries, attached hereto as **Exhibit 12**.  As Defendant's non-compliance with its

discovery obligations began with its failure to respond to Plaintiff's First Request for Production by February 2, 2024, pursuant Federal Rule of Civil Procedure 34(b)(2)(A), documents and communications responsive to which have still not been provided in an accessible format, Plaintiff is only requesting attorney's fees for the work performed since that date because such work would not have been necessary had Defendant properly responded when it was supposed to. These costs are in line with the prevailing market rates for attorneys of similar experience and expertise in the Northern District of California.

The total amount sought is one hundred sixty-one thousand forty-five dollars and ninety-one cents ($161,045.91).[1] As **Exhibit 12** details, this includes, but is not limited to, work related to the following tasks: (1) communications with parties and the Court; (2) preparations for hearings with the Court; (3) preparation and delivery of subpoenas to third parties, which were more detailed than necessary due to Defendant's deficient production; (4) drafting additional discovery requests that may not have been necessary, such as Interrogatories, Requests for Admissions, and a Second Request for Production; (5) drafting this Motion for Sanctions and its accompanying documents; (6) preparing for and deposing Defendant, which was lengthier than necessary due to Defendant's deficient production; and (7) troubleshooting Defendant's repeated inability to provide requested discovery in an accessible format, including drafting a stipulation and associated documents to allow Defendant more time to produce what should have been provided many months earlier.

**B. Coercive Sanctions**

Plaintiff requests that the Court impose coercive sanctions on Defendant, including a daily monetary fine in the amount of one thousand dollars ($1,000.00), or a sum the Court deems reasonable, until Defendant fully and properly complies with its discovery obligations and the Court's Orders. These sanctions are necessary to compel compliance, as good faith efforts to communicate requests and warnings have proven ineffective to ensure Defendant's cooperation.

---

[1] Some invoices containing relevant time entries have not yet been finalized. Plaintiff reserves the right to supplement Exhibit 12.

### C. Default Judgment

Plaintiff requests that the Court enter a default judgment against Defendant. Defendant's willful non-compliance and bad faith conduct in spite of repeated discovery requests and the Discovery Order have undermined the judicial process and prejudiced Plaintiff's ability to seek an efficient resolution to this case, making entry of a default judgment an appropriate remedy under Rule 37 of the Federal Rules of Civil Procedure and local case law from the Northern District of California.

### D. Additional Relief

Plaintiff further requests any additional relief that the Court deems just and proper, including but not limited to the extension of discovery deadlines for Plaintiff by 60 days from Defendant's complete production and additional orders compelling specific actions by Defendant to facilitate carrying out the discovery process.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Sanctions, including an award of attorney's fees, imposition of coercive sanctions, and entry of a default judgment against Defendant. Plaintiff believes that such measures are necessary to protect its rights, ensure compliance with the Discovery Order, and preserve the integrity of the judicial process.

Dated: November 17, 2024　　　　　Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

**By:**

*/s/ Leigh Salomon*

Leigh Salomon
*Attorney for Plaintiff*

**BOIES SCHILLER FLEXNER LLP**
Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com

|   |   |
|---|---|
| 1 | Andrew J. Rambo (SBN 339503) |
| 2 | arambo@bsfllp.com |
|   | 44 Montgomery Street, 41st Floor San Francisco, CA 94104 |
| 3 | Telephone: (415) 293-6800 |
|   | Facsimile: (415) 293-6899 |

Rossana Baeza (FBN 1007668) (admitted *pro hac vice*)
rbaeza@bsfllp.com
Daria Pustilnik (FBN 09514) (admitted *pro hac vice*)
dpustilnik@bsfllp.com
Leigh Salomon (FBN 1054106) (admitted *pro hac vice*)
lsalomon@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400

*Attorneys for Plaintiff Tangle Inc.*

## CERTIFICATE OF SERVICE

On November 17, 2024, I served the foregoing Motion for Sanctions on counsels for the Defendant, Yakup Sari, via email to yakup@sarilaw.us, and J. Curtis Edmondson, via email to jcedmondson@edmolaw.com. I electronically filed the foregoing Motion for Sanctions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List. I declare under penalty of perjury under the laws of the United States that the Certificate of Service is true and correct.

*Leigh Salomon*

*Attorney for Plaintiff*