UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANGLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOXGEAR INTERNATIONAL, LLC, <br><br> Defendant. | Case No. 23-cv-04573-JSC <br><br> **ORDER RE: MOTION TO COMPEL AND FOR SANCTIONS** <br><br> Re: Dkt. No. 63 |

Plaintiff moves to compel discovery responses and for sanctions. (Dkt. No. 63.)[1] After considering the parties' written submissions, and having had the benefit of oral argument on January 16, 2025, Plaintiff's motion is GRANTED in part.

Discovery has been a constant topic of the case management conference statements. On July 26, 2024, the parties submitted a discovery dispute joint letter regarding Defendant's deficient discovery responses. (Dkt. No. 41.) The Court heard argument on August 8, 2024, and ordered Defendant to produce by August 22, 2024: (1) "[A]ll sales reports from all vendors from January 2022 to the present for the Multicolored Tangle Fidget Toy, regardless of sales channel," and (2) "all communications regarding (1) Plaintiff, or (2) the alleged infringing product." (Dkt. No. 47.) Defendant did not produce any additional documents by that date. Instead, in an email sent on August 23, 2024, Defendant's counsel Yakup Sari wrote Plaintiff's counsel: "[W]e produced everything that we have as the court ordered." (Dkt. No. 68-1 at 2.)

Mr. Sari's representation was false. Plaintiff took Defendant's deposition on September 12, 2024. At his deposition, Defendant admitted he did not conduct any email searches for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 responsive documents.  (Dkt. No. 63-12 at 55:7-12.)  After Defendant's deposition, Defendant

2 retained an attorney to search and gather responsive electronic discovery.  That electronic

3 discovery has now been produced.

## DISCUSSION

Federal Rule of Civil Procedure 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if: . . .  a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Fed. R. Civ. P. 37(a)(3)(B)(iv).  The rule provides further:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).  Rule 37 also provides for sanctions for a failure to comply with a court order:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> . . .
>
> (C) Payment of Expenses.  Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

37(b)(2).

Sanctions in the form of the payment of expenses are warranted because the Court granted Plaintiff's request in the July 26, 2024 discovery dispute joint letter to compel the production of the documents.  (Dkt. No. 47.)  Further sanctions in the form of the payment of expenses are warranted because Defendant violated the Court's August 8, 2024 order compelling the production of documents.  As recounted above, Defendant did not even search for the documents the Court

2

1  ordered produced by August 22, 2024.

2        Pursuant to Rule 37, Plaintiff is entitled to fees incurred in preparing the July 26, 2024 discovery dispute joint letter and attending the August 8, 2024 discovery dispute hearing. *See* Fed. R. Civ. P. 37(a)(5) (requiring the payments of "reasonable expenses incurred in making the motion, including attorney's fees"). Daria Pustilnik spent 3.4 hours drafting Plaintiff's portion of the Joint Letter Brief, reviewing Defendant's portion, filing, and reviewing the order. (Dkt. No. 68-4 at 28.) The entry for preparing and attending the hearing includes undifferentiated time for reviewing Defendant's mediation statement and communicating with the client regarding the same (*id.* at 37), time which is not compensable. So, the Court awards one hour from this entry. Pustilnik's rate is $760 per hour. (Dkt. No. 68-5 ¶ 13.). So, the total amount awarded for these expenses is $3,344.

      Plaintiff is also entitled to expenses incurred in bringing the motion to compel compliance with the Court's August 8, 2024 order and for sanctions. *See* Fed. R. Civ. P. 37(b)(2). There is no justification for Defendant's failure to comply with the Court's August 8, 2024 order necessitating the motion to compel and for sanctions. Leigh Salomon, whose rate is $470 per hour, spent 28.8 hours researching and drafting the motion for sanctions. (Dkt. No. 68-5 ¶ 13; Dkt. No. 68-4 at 40, 48.) Salomon later spent an additional 17.3 hours revising the motion "to account for updates in prep to file." (Dkt. No. 68-4 at 57-58.) And Salomon spent 27.2 hours reviewing the opposition for the motion for sanctions, strategizing, and drafting the reply. (*Id.* at 58-61.) This amount of time is excessive. The law and the facts related to the motion to compel and for sanctions were straightforward. Further, much of the motion was devoted to undeveloped, unsuccessful, and unnecessary requests. So, the Court reduces the compensable time incurred by Salomon by 60%, resulting in fees in the amount of $13,780.40. Pustilnik spent 0.3 hours on "[a]ttention to the motion to compel and motion for sanctions" and 2.6 hours revising the motion for sanctions. (*Id.* at 47, 55.) This time is reasonable. So, for Pustilnik, the fees amount to $2,204. The Court declines to award any time for Katie Kavanaugh as Plaintiff's submission does not explain why her time was necessary.

**CONCLUSION**

For the reasons explained above, Plaintiff's motion for sanctions is GRANTED in part. The Court orders Defendant to pay Plaintiff $19,328.40 to cover the expenses Plaintiff proved it reasonably incurred in successfully moving for an order compelling production of documents and for bringing the sanctions motion after Defendant failed to comply with the Court's order compelling the production of documents.

The Court will hold a further case management conference on February 26, 2025 at 2:00 p.m. via Zoom video. An updated joint case management conference statement that includes a proposed schedule through trial shall be filed by February 19, 2025.

This Order disposes of Docket No. 63.

**IT IS SO ORDERED.**

Dated: January 30, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge